[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 387.]

OFFICE OF DISCIPLINARY COUNSEL *v.* BARNETT.

[Cite as *Disciplinary Counsel v. Barnett*, 2001-Ohio-77.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct adversely reflecting on fitness to practice law—Neglect of an entrusted legal matter – Failing to seek lawful objectives of client—Failing to carry out contract of employment—Causing prejudice or damage to client during course of professional relationship—Failing to deposit client funds in an account in which no funds of attorney are deposited—Failing to promptly deliver to client funds client is entitled to receive—Failing to cooperate in disciplinary investigation.*

(No. 00-1900—Submitted December 13, 2000—Decided April 18, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners and Grievances of the Supreme Court, No. 98-85.

————————————

*Per Curiam.*

{¶ 1} On August 29, 2000, relator, Office of Disciplinary Counsel, filed a second amended complaint charging respondent, David C. Barnett of Urbana, Ohio, Attorney Registration No. 0027871, in twelve counts with numerous violations of the Code of Professional Responsibility and the Rules for the Government of the Bar. Respondent failed to answer the complaint, waived a hearing, and agreed to stipulated facts, which were presented to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Accepting the stipulations of the parties, the panel concluded that respondent had violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (a lawyer

shall not engage in conduct adversely reflecting on fitness to practice law), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(1) (a lawyer shall not fail to seek the lawful objectives of a client), 7-101(A)(2) (a lawyer shall not fail to carry out a contract of employment), and 7-101(A)(3) (a lawyer shall not prejudice or damage a client). These conclusions were based on its findings that in 1997, after having been appointed as appellate counsel for Charles Rutherford, who had been convicted of aggravated assault, respondent failed to file an appellate brief, with the result that the appeal was dismissed. When questioned by relator under oath, respondent falsely claimed that he had filed the brief.

{¶ 3} The panel further concluded that respondent had violated DR 1-102(A)(4), 1-102(A)(6), and 9-102(A) (a lawyer shall deposit funds of a client in an account in which no funds of the lawyer are deposited). The panel found that respondent had settled a personal injury claim for James Muller but had failed to repay to the United States a portion of that recovery to which it was entitled. When respondent finally issued a check from his trust fund to the United States, it was returned for insufficient funds.

{¶ 4} The panel also concluded that respondent violated DR 1-102(A)(4), 7-101(A)(1), and 9-102(B)(4) (a lawyer shall promptly deliver to a client the funds a client is entitled to receive). The panel found that in 1998, respondent received $550 from John Merey to open a savings account for him but failed to do so and also failed to return the money when requested by Merey.

{¶ 5} The panel found that in 1999, respondent was engaged by Dawn Greene and paid $535 to initiate divorce proceedings for her. He was also engaged by Darci L. Neville and paid $500 for the same type of proceeding. Yet respondent failed in both cases to take action on behalf of his clients, and thereby violated DR 6-101(A)(1), 7-101(A)(1) and (2), and 9-102(B)(4).

{¶ 6} Finally, respondent's client trust account was overdrawn on several occasions from 1997 through 1999 and during that period respondent paid

2

numerous personal expenses from that account. The panel concluded that by that conduct that respondent had violated DR 9-102(A).

{¶ 7} Respondent failed to respond to letters of inquiry from relator, to relator's telephone calls relating to the grievances filed against him, and to a subpoena *duces tecum* issued by the board. Hence, the panel concluded that he had violated Gov.Bar R. V(4)(G) (an attorney shall cooperate in a disciplinary investigation).

{¶ 8} In the absence of any mitigating evidence, the panel recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 9} We adopt the findings and conclusions of the board with one exception. We do not conclude that in representing Greene and Neville that respondent violated DR 6-101(A)(1) (a lawyer shall not handle a legal matter which he knows he is not competent to handle). As we said in *Findlay/Hancock Cty. Bar Assn. v. Filkins* (2000), 90 Ohio St.3d 1, 3, 734 N.E.2d 764, 766, the "relator must prove * * * misconduct by clear and convincing evidence." See Gov.Bar R. V(6)(J). Our review of the stipulations and deposition of respondent indicates that while respondent neglected the Greene and Neville matters, nothing in the record clearly and convincingly shows that respondent was attempting to handle legal matters that he was not competent to handle. To show a violation of DR 6-101(A)(1), relator should have introduced evidence to demonstrate that this solo practitioner with over fifteen years' experience as a lawyer was not competent to handle divorce matters.

{¶ 10} Nevertheless, respondent's other actions and failures to act are so substantial that we adopt the recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Stacy Solochek Beckman*, Assistant Disciplinary Counsel, for relator.

_____